UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STANLEY BETHUNE,

                                   Appellant,         DECISION AND ORDER

-v-                                                          04-CV-6430 CJS

GEORGE M. REIBER, Chapter 13 Trustee,

                                   Appellee.

_____

INTRODUCTION

Now before the Court is the appeal of appellant Stanley Bethune, *pro se*, pursuant to 28 U.S.C. § 158(a), from the Order of the Honorable John C. Ninfo II, U.S. Bankruptcy Judge, entered on October 6, 2003, dismissing appellant's Chapter 13 bankruptcy petition. For the reasons that follow, the Court affirms Judge Ninfo's Order.

BACKGROUND

Appellant filed a Chapter 13 bankruptcy petition on September 30, 2002, to "protect [him] from foreclosure on residential properties" due to unpaid taxes. (Appellant Brief p. 2). At the time he filed, appellant was incarcerated in New York State prison, and he remains so at this time. Because he was incarcerated, appellant was not able to personally attend proceedings in Bankruptcy Court. Consequently, he executed powers of attorney to various individuals, including the Rev. J.W. Parker ("Parker"). Appellant appointed Parker as his attorney-in-fact in March 2003, and revoked the power of attorney in May 2003. During this period, Parker worked on appellant's behalf to craft a Chapter 13 plan with the Court, which called for appellant to make payments of $350 per month to the Trustee. Apparently, appellant's only source of income was

1

from three rental properties in the City of Rochester that he owned.  Of these properties, it appears that only one unit was actually rented during the relevant period. (*See*, Appellant's Opposition to Motion to Dismiss [#49])  Appellant alleges that during the approximately two-month period, Parker acted as his attorney-in-fact, Parker collected rents but did not turn the money over to him or to the trustee.  In this regard, appellant told the Bankruptcy Court, apparently based upon second-hand hearsay, that Parker collected $2,000.00 for which he did not account.[1]  In his appeal brief, he revised this number downward, to $1,420.00.  Appellant states that, after he revoked Parker's power of attorney, he gave power of attorney to other property managers, but they also mismanaged his rents. (Appellant's Brief pp. 1-2).

Appellee George Reiber, the Chapter 13 Trustee, moved to dismiss the petition on September 10, 2003, stating, in relevant part:

> Trustee . . . moves this court to dismiss the debtor(s) petition and plan . . . pursuant to 11 U.S.C. Section 1307 on the grounds that the debtor(s) have failed to maintain their [sic] Chapter 13 plan payments.  The last plan payment was received January 14, 2003.  The plan is in arrears $3,150.00 through September, 2003. . . .  In the judgment of this movant, said plan is no longer feasible and should be dismissed . . . .

(Motion to Dismiss [#42])  In opposition to the motion, appellant stated: "I have gotten behind in Chapter 13 plan payments because Rev. Parker breached his contract or agreement." (Appellant's Opposition [#49])  Appellant alleged that Parker had misled him into believing that plan payments had been made.  Appellant did not, however, explain why no payments had been made since May 2003, when he revoked the power

---

[1] Appellant submitted an unsworn letter purportedly written by a Jackie Williams, who wrote that "some guy" told her that he'd paid Parker $2,000.00. (Appellant's Opposition to Motion to Dismiss [#49] Ex. B)

of attorney given to Parker, except to allege, in conclusory fashion, that Parker told appellant's tenants to withhold future rent payments until appellant agreed to restore Parker's status as attorney-in-fact. Appellant indicated that he did not have the present ability to make payments under the plan, but rather, stated that "[p]lan payments will be forthcoming in a short period of time." (Appellant's Opposition [#49])  Judge Ninfo dismissed the petition on October 6, 2003, pursuant to 11 U.S.C. § 1307(c).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §158, "the district courts of the United States . . . have jurisdiction to hear appeals" "from final judgments, orders, and decrees" of a bankruptcy judge. 28 U.S.C. §158(a)(1). Additionally, as outlined under Rule 8013 of the Federal Rules of Bankruptcy Procedure, "[o]n an appeal the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings," and findings of fact "shall not be set aside unless clearly erroneous." Fed.R.Bankr.P.8013. Moreover,

> [u]nder this standard, the district court is not authorized to engage in independent fact finding and reviews the bankruptcy court's findings only for clear error. The findings of fact can only be set aside by the district court when, after reviewing the evidence, the court is left with the firm and definite conviction that a mistake has been committed.

*Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 ( Bankr. W.D.N.Y. 2002) (citations omitted). However, when a district court is reviewing conclusions of law, a *de novo* standard is applied. *Id.; See also, In re Enron North America Corp.*, 312 B.R. 27, 28 (Bankr. S.D.N.Y. 2004).

11 U.S.C. § 1307(c), the statute pursuant to which Judge Ninfo dismissed the petition, states, in relevant part, that

>on request of . . . the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter, . . . for cause, including– . . . (4) failure to commence making timely payments under section 1326 of this title; . . . [and] (6) material default by the debtor with respect to a term of a confirmed plan;

11 U.S.C.A. § 1307 (2006). The decision to dismiss a case under this provision is within the Bankruptcy Court's discretion:

>Section 1307(c) of the Bankruptcy Code provides that the court may convert a chapter 13 case to a chapter 7 case, or may dismiss the chapter 13 case, whichever is in the best interests of creditors and the estate, for cause, including those matters set forth in sub-paragraphs (1) through (10). Use of the word 'may' indicates that the decision to dismiss or convert is committed to the discretion of the bankruptcy court.

*In re Blaise*, 219 B.R. 946, 949 -950 (2nd Cir.BAP 1998). Failure to make plan payments constitute a material default for purposes of 11 U.S.C. § 1307. *See, In re Davis*, 64 B.R. 358, 359 (S.D.N.Y. 1986) ("[T]he debtors' failure to make post-confirmation payments would constitute a material default by the debtors with respect to the terms of the confirmed plan within the meaning of 11 U.S.C. § 1307(c)(6) and is a specific ground for converting or dismissing a Chapter 13 case."); *In re Harris*, No. 1:05-CV-186, 1:05-CV-216, 2006 WL 572001 at *3 (E.D.Tenn. March 8, 2006 ) ("As to the legal issue, i.e., whether a Debtor's failure to make required plan payment constitutes a 'material default' within the meaning of 11 U.S.C. § 1307(c)(6), it is clear that it does.")

## ANALYSIS

Construing the *pro se* appellant's brief liberally, he argues that his default was not material, because his failure to make payments was caused by Parker. However, even assuming *arguendo* that his allegations concerning Parker were relevant, it is

undisputed that appellant failed to make *any* payments following confirmation of the Chapter 13 plan. He failed to make payments before he appointed Parker as his attorney-in-fact, and after he revoked Parker's appointment. At the time Judge Ninfo dismissed the petition, appellant had made no payments under the plan in eight months, was in arrears $3,150.00, and did not have the present ability to make payments under the plan. Nor did the situation appear likely to improve, given appellant's incarceration and demonstrated inability to arrange for the proper management of his rental properties. Consequently, the Court finds that the Bankruptcy Court's decision to dismiss the petition was not erroneous.

## CONCLUSION

For all of the foregoing reasons, Bethune's appeal is denied and Judge Ninfo's Order dismissing the Chapter 13 petition is affirmed.

So Ordered.

Dated      Rochester, New York
           April 14, 2006
                                    ENTER:


                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge